## SNYDER v. BONBRIGHT.

### SCHOETTLER v. SAME.

(Circuit Court, E. D. Pennsylvania. June 27, 1903.)

#### Nos. 25, 35.

1. FIRE ESCAPES—PENNSYLVANIA STATUTES—EFFECT OF CERTIFICATE OF APPROVAL.

The Pennsylvania fire escape act of 1879 (P. L. 128) requires the owner of every factory, or other building of a certain height, to provide a permanent, safe, external means of escape therefrom in case of fire; provides for its inspection by certain officers, and that, if found satisfactory, a certificate shall be issued to the owner; imposes a penalty for failure to obey the act, and also gives an action for damages against the owner to any one injured as the result of the absence of such efficient fire escape. It does not provide in terms what the effect of the certificate of approval shall be. *Held*, that such certificate did not raise a conclusive presumption of a compliance with the law to furnish the owner with a complete defense to an action for damages under the act, but that its only effect was to protect the owner against liability for the penalty.

123 F.—52

**2. SAME—EFFECT OF INDORSEMENT ON CERTIFICATE.**

A certificate having been issued under such act, an indorsement was made thereon in 1887, approving the ropes and chains which had been supplied by the owner in compliance with an amendatory act. *Held*, that such indorsement did not make the certificate effective as one issued as of that date under a second amendatory act, passed in 1885, which required stairways on certain kinds of buildings, and made the certificates issued thereunder conclusive evidence of a compliance with the act, but that its effect as evidence remained the same as before.

**3. SAME—PROVISO IN STATUTE CONSTRUED.**

The amendatory act of 1885 (P. L. 68) provided that where more than 100 operatives were employed there must be provided at least two fire escapes, and more if required to secure speedy and safe escape, but contained a proviso "that nothing in this act shall interfere with fire escapes now in use approved by the proper authorities." *Held*, that such proviso did not exempt the owner from the requirement of providing the number of fire escapes specified by the act, but merely approved the sufficiency in construction of those previously built and approved.

On Motion by Defendant for Judgment on Point Reserved, Notwithstanding the Verdict.

D. Webster Dougherty, for Snyder.

Thos. A. Fahy, for Schoettler.

George Wharton Pepper, for defendant.

J. B. McPHERSON, District Judge. It seems to me to be unnecessary to discuss at length the questions raised by these motions. I think the charge to the jury declares with sufficient distinctness the view taken by the court, then and now, concerning the positions ad vanced by the defendant. But, in order to avoid possible misunderstanding, I may briefly state again the matters in dispute, and my opinion thereon.

The Pennsylvania fire escape act of 1879 (P. L. 128) requires, inter alios, the owner of every factory, and other buildings of a certain height, to provide a permanent, safe, external means of escape therefrom in case of fire; makes it the duty of specified officials to examine and test such fire escape, and, if they find it satisfactory, to issue a certificate of approval; imposes a penalty on the owner for failure to obey the act, to be collected as fines and forfeitures are collectible; and gives also an action for damages against the owner to any one injured as the result of the absence of such efficient fire escape. Under this act, a fire escape was erected upon the factory now in question, and a certificate of approval was issued in 1883 to James Long, who was then the owner. In 1883 (P. L. 50) and in 1885 (P. L. 66), by amending statutes, ropes and chains were also required, and these, having been put up, were approved in 1887 by indorsement on the back of the original certificate. Another amending act of 1885 (P. L. 68) made material changes in the act of 1879. The earlier act had no specific provisions based upon the number of operatives whose safety was to be cared for; the first section of the act of 1885 (P. L. 68) declared that if more than 100 operatives were employed there must be at least two outside, open, iron stairways, and more than two if more were necessary to secure speedy and safe escape in case the interior stairways should be cut off by fire or smoke. The owner was permit-

ted, however, to depart from the kind of construction specified by the act, but he was bound to put up a means of escape that was permanent, safe, and external, subject to the inspection and approval of the authorities constituted for that purpose. The second section of the act of 1885 (P. L. 70) declared that the certificate of approval should relieve "the party or parties to whom such certificate is issued" from liability to the fine, damages, and imprisonment imposed by the succeeding section. This third and final section, after announcing the penalties for disobedience, and giving an action for damages to any person injured by failure to obey, added the proviso, "That nothing in this act shall interfere with fire escapes now in use approved by the proper authorities." No certificate of approval under this act of 1885 (P. L. 68) was ever given, either to James Long or to either of his successors in title, although more than 100 operatives had been working in the factory for several years before the fire that destroyed the buildings in June, 1902. The present owner acquired title in 1900, but (as already stated) no certificate has ever been issued to him. No question arises now concerning ropes and chains, the jury having found specifically that the defendant discharged his duty in this respect.

These being the facts, it seems to me that the legal questions should be decided as follows:

1. The act of 1879 does not provide in terms what the effect of a certificate of approval shall be. I think, therefore, following the decision of Justice Mitchell, now upon the Supreme Court of Pennsylvania, but then upon the bench of the common pleas of Philadelphia county, in Commonwealth v. Emsley, 5 Pa. Co. Ct. R. 476, that the only effect of the certificate was to protect against the penalty. The act did not profess to alter the rules of evidence so as to raise a conclusive presumption that the owner had complied with the act, and thus to furnish him with a complete defense to an action for damages, based upon the charge that he had failed to supply a permanent, safe, and external means of escape. To hold that the act raises such a presumption by implication seems to me an impossible step. So important a change should be made either in positive terms, or by an implication that cannot be resisted. Here, however, the ordinary and natural construction is simply this: The certificate of approval is a sufficient reply to any attempt to impose the fine; and it seems to me that this construction satisfies the language of the statute fully.

2. This view is strengthened by considering the fact that the act of 1885 did alter the rules of evidence, and did make a certificate of approval conclusive evidence of compliance with the act, and a complete defense to an action for damages. But it did so expressly, and not by implication. The language is capable of no other construction. After inspection, the proper officials are to grant the certificate, "thereby relieving the party or parties to whom such certificate is issued from the liabilities of fines, damages and imprisonment imposed by this act." A man is not "relieved" from liability if he continues to be exposed to the hazard of an adverse verdict on the question whether he has complied with the requirements of the statute. But the act of 1885 does not enlarge the effect of certificates issued under the act of 1879, and the approval of the ropes and chains in the defendant's

factory, indorsed in 1887 upon the original certificate issued in 1883, did not republish the certificate as of the later date. This would be another unnecessary implication. It by no means follows that, because the ropes and chains were inspected and approved in 1887, the external stairways were also examined, and found by the inspecting officials to comply with the act of 1885. Inspection of fire escapes is too serious a matter to depend upon an inference; it should appear affirmatively to have been made.

3. The proviso to the third section of the act of 1885 means, I think, no more than this: If the material and mode of construction of a fire escape, in use when that statute was passed, satisfied the act of 1879—and this would be shown by the certificate of approval of the proper authorities—such material and mode of construction should be held to satisfy the act of 1885 also. But, in my opinion, the proviso goes no further. If, for example, only one external stairway had been approved under the act of 1879 for the use of 200 operatives, such stairway might still be used as one of the fire escapes that were required by the act of 1885; but the obligation to erect the other stairway or stairways would at once arise, and the owner would be obliged also to conform the additional means of escape to the requirements of the later statute.

4. Therefore, as I think, no certificate having been issued to any person under the act of 1885, and the certificate under the act of 1879 not being conclusive in favor of the defendant, a question of fact was presented, namely: Were the means of escape that were actually provided permanent, safe, and external, within the meaning of the legislation on this subject? This question was for the jury to answer, and I see no reason to disturb the verdict. Indeed, if I am right in my understanding of the defendant's position, the correctness of the verdict is not challenged by these motions. Questions of law only are raised, and a new trial is not asked for, even if the court's opinion on the legal propositions should be adverse to the defendant.

The motion for judgment is refused in each case.